**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN MANUEL MONAY-MARTINEZ, | No.    18-71695 |
| Petitioner, | Agency No. A075-469-859 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023[**]

Before:  OWENS, LEE, and BUMATAY, Circuit Judges.

Juan Manuel Monay-Martinez, a native and citizen of Mexico, petitions pro se for review of an order from the Board of Immigration Appeals dismissing his appeal of an Immigration Judge's (IJ) denial of his application for cancellation of removal and voluntary departure.  We generally lack jurisdiction to review these

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretionary agency determinations, but we retain jurisdiction over "constitutional claims or questions of law." 8 U.S.C. §§ 1252(a)(2)(B), (D). Accordingly, we have jurisdiction over Monay-Martinez's claim that the agency denied him an attorney because it sounds in due process. *See Sanchez-Cruz v. INS*, 255 F.3d 775, 779–80 (9th Cir. 2001). However, we ultimately deny his petition for review.

A petitioner must exhaust a due process claim based on deprivation of counsel by raising it before the BIA. *Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). However, this court does not assess exhaustion "in a formalistic manner," particularly where the petitioner is pro se. *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011) (quoting *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008)). Although the administrative record does not contain the brief that Monay-Martinez filed with the BIA, we conclude that Monay-Martinez exhausted his claim by raising his lack of counsel in his notice of appeal to the BIA. *See id.* at 1084.

Still, Monay-Martinez's claim fails on the merits. The record shows that the IJ gave Monay-Martinez time to find an attorney and obtained his medical records to ensure that he was competent to represent himself before finally determining that he waived his right to counsel. No record evidence suggests that the agency denied Monay-Martinez access to counsel. Therefore, we deny his petition for review.

**DENIED.**

2